**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7023
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Lauren C. Kiss

*Counsel to Gregory M. Messer, as Chapter 7*
  *Trustee of the Estate of Sharon Mahn*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                  :
                                                       :       Chapter 7
SHARON MAHN,                                           :
                                                       :       Case No. 22-11466 (MG)
                                     Debtor.           :
------------------------------------------------------------x

**TRUSTEE'S APPLICATION TO RETAIN BRAZZANO LAW PLLC**
**AS HIS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328**

**TO THE HONORABLE MARTIN GLENN,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Gregory M. Messer, chapter 7 trustee (the "Trustee") of the estate of Sharon Mahn, the above-captioned debtor (the "Debtor"), as and for his application (the "Application") for entry of an order, pursuant to 11 U.S.C. §§ 327(a) and 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, granting him authority to retain Brazzano Law PLLC ("BL") as his special counsel, respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Debtor has listed in her schedules of assets and liabilities claims against her former employer, Major Lindsey & Africa, LLC based upon sexual harassment/assault, abuse of process,

and related claims (the "MLA Claims")[1]. The MLA Claims are property of the Debtor's Chapter 7 estate, and the Trustee requires the assistance of special counsel to prosecute the MLA Claims. The Trustee believes that BL is best suited to assist him in this matter for the reasons set forth below and accordingly, the Trustee seeks authority to retain BL as his special counsel.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein are sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## INTRODUCTION

5. On November 4, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the or this "Court") (the "Chapter 7 Case").

6. On the Petition Date, Gregory M. Messer was appointed interim trustee of the Debtor's estate.

7. On January 6, 2023, the Trustee presided over the initial meeting of creditors held

---

[1] It is the Trustee's understanding that additional potential defendants include Major Lindsey & Africa, LLC's parent entity, Allegis Group, Inc. (and/or its affiliated entities) and former principals, Lawrence N. Mullman, Steve Bisciotti, James Robert Davis, Laurie Ann Caplane and Jonathan Austin Lindsey (together with Major Lindsey & Africa, LLC, the "MLA Defendants").

2

pursuant to section 341(a) of the Bankruptcy Code and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

## RELIEF SOUGHT

8. After due consideration and deliberation, the Trustee has concluded that the interests of the Debtor's estate and its creditors would be best served by the retention of BL as special counsel to pursue the MLA Claims. As set forth in the Declaration of Rebecca Brazzano ("Brazzano"), dated September 22, 2023 (the "Brazzano Declaration"), BL is qualified to act as special counsel to the Trustee in this matter. A copy of the Brazzano Declaration is attached hereto as Exhibit A.

9. Section 327 (a) of the Bankruptcy Code provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

10. Rule 2014(a) of the Bankruptcy Rules provides, in relevant part:

*Application for an Order of Employment*. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

3

FED. R. BANKR. P. 2014(a).

## **PROFESSIONAL COMPENSATION**

11. BL has been informed that its application for compensation and reimbursement of costs and expenses is subject to the approval of the Bankruptcy Court. The estate will compensate BL with respect to its work performed for the Trustee subject to proper application and award by this Court.

12. The Trustee has selected BL because it has extensive experience and knowledge of the MLA Claims. Brazzano is an experienced New York litigator who has practiced law for more than twenty-five years in national law firms. Brazzano has represented the largest banks, accounting firms, manufacturers, telecommunications, and logistics entities in the country. Having litigated in this arena for decades provides Brazzano with a unique perspective, knowing the litigation blueprint utilized by MLA Defendants who are the subject of the MLA Claims. Brazzano has earned a reputation as being a fierce advocate and has developed a strong attorney-client relationship with the Debtor that is based on trust, respect, and collaborative strategies.

13. Based upon the foregoing, the Trustee believes that BL is well qualified to represent him as his special counsel in this case.

14. As described in the Brazzano Declaration, BL is being retained by the Trustee on a contingency fee basis equal to the following:

- 20% of the total recovery on the MLA Claims collected by the Trustee before the filing of a complaint pursuing the MLA Claims; and

- 30% of the total recovery on the MLA Claims collected by the Trustee after the filing of a complaint pursuing the MLA Claims.

15. Such percentages are computed based on the net sum recovered after deducting from

the amount recovered expenses and disbursements. No fee is payable if no recovery is obtained.

16.  The Trustee seeks approval of this compensation structure pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 328(a) provides, in relevant part, that a trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

17.  As recognized by numerous courts, Congress intended Section 328(a) to enable a debtor to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to review if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.), 123 F.3d 861, 862–63 (5th Cir. 1997); Henry A. Leonard & Co. v. United States Trustee (In re River Foal, Inc.), 161 B.R. 568, 569 (Bankr. S.D.N.Y. 1993).

18.  The Trustee submits that the compensation structure is reasonable under Section 328(a) of the Bankruptcy Code in light of (a) the nature and scope of services to be provided by BL, (b) industry practice with respect to the fee structure proposed by BL, and (c) BL's substantial experience in prosecuting claims similar to the MLA Claims.

19.  BL has been informed and agrees, among other things, that:

(a) The settlement of the MLA Claims shall be subject to the Trustee's written consent and approval by the Bankruptcy Court;

(b) All proceeds from the MLA Claims will be paid to the Trustee with such proceeds to be distributed in accordance with orders of the Bankruptcy Court;

5

(c) Expenses and disbursements shall be paid, upon approval of the Bankruptcy Court, from any recoveries and neither the Trustee nor the estate shall otherwise be liable for such expenses and disbursements; and

(d) To the extent there are any disputes concerning fees or expenses, such disputes shall be resolved by the Bankruptcy Court.

20. BL will provide the Trustee with written status reports on a quarterly basis. Such reports shall be in form and substance satisfactory to the Trustee.

## DISINTERESTEDNESS

21. To the best of the Trustee's knowledge, BL has not performed any services for the Debtor and is, therefore, not a creditor of the Debtor's estate. Additionally, BL does not have any connection with the Debtor, her creditors, the United States Trustee or any other party in interest, or its respective attorneys, except to the extent set forth in the Brazzano Declaration.

22. To the best of the Trustee's knowledge, and except as otherwise disclosed in the Brazzano Declaration, (i) BL does not hold or represent any interest adverse to the Debtor's estate, (ii) BL is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code; (iii) neither BL nor its professionals have any connection with the Debtor, its estate or creditors, and (iv) BL's employment is necessary and in the best interests of the Debtor's estate.

## FEE APPLICATION REQUIREMENTS

23. The Trustee respectfully submits that inasmuch as BL's compensation is results oriented and directly related to benefits received by the Debtor's estate as a result of the prosecution of the MLA Claims, requiring BL to file detailed time records in accordance with Sections 330 and 331 of the Bankruptcy Code, and in compliance with Bankruptcy Rule 2016 and General Order M-447, Amended Guidelines for Fees and Disbursements for Professionals

in Southern District of New York Bankruptcy Cases (the "Fee Guidelines") is unnecessary under the circumstances. As a result, the Trustee requests that BL not be required to keep or file detailed time records.

## NO PRIOR RELIEF

24. No previous application for the relief sought herein has been made to this or any other court.

*[remainder of page intentionally left blank]*

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit B, granting him the authority to retain BL as his special counsel in this case, and for such other and further relief as the Court determines to be just and proper.

Dated: New York, New York
September 25, 2023

          **KLESTADT WINTERS JURELLER
          SOUTHARD & STEVENS, LLP**

By: */s/ Lauren C. Kiss*
     Fred Stevens
     Lauren C. Kiss
     200 West 41st Street, 17th Floor
     New York, New York 10036-7203
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: fstevens@klestadt.com
             lkiss@klestadt.com

*Counsel to Gregory M. Messer, as Chapter 7
  Trustee of the Estate of Sharon Mahn*

# **<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                           :
                                                :           Chapter 7
SHARON MAHN,                                    :
                                                :           Case No. 22-11466 (MG)
                          Debtor.               :
-----------------------------------------------------------x

### DECLARATION OF REBECCA BRAZZANO IN SUPPORT OF CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BRAZZANO LAW PLLC AS HIS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328

REBECCA BRAZZANO, being duly sworn, deposes and declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Courts for the Southern District of New York, Eastern District of New York, Western District of New York, Northern District of New York, and the United States Court of Appeals for the Second Circuit. I am the founder and owner of the law firm known as Brazzano Law PLLC ("BL"). BL maintains an office for the practice of law at 43 West 43rd Street, Suite 264, New York, New York 10036. I am authorized to make this Declaration (the "Declaration") on behalf of BL.

2. I am familiar with the matters set forth herein and make this Declaration in support of the application of Gregory M. Messer, Chapter 7 trustee (the "Trustee") of the estate of Sharon Mahn, the above-captioned debtor (the "Debtor"), to employ BL as his special counsel in this case (the "Application").

3. I am an experienced New York litigator who has practiced law for more than twenty-five years in national law firms. I have represented the largest banks, accounting firms, manufacturers, telecommunications, and logistics entities in the country. Having litigated in this arena for decades

provides me with a unique perspective, knowing the litigation blueprint utilized by MLA Defendants[1] who are the subject of the MLA Claims.

4.  As special counsel to the Trustee, we will assist the estate in the prosecution of the MLA Claims.

5.  The Trustee intends to retain BL to pursue the MLA Claims on his behalf, and BL is ready, willing and able to represent the Trustee in the same.

6.  Insofar as I have been able to ascertain, BL does not hold and does not represent any interest adverse to the Trustee, the Debtor, her creditors, professionals or any other party in interest, or any of their respective attorneys or professionals, except as disclosed herein.

7.  To the best of my knowledge, after due inquiry, BL:

    a. is not a creditor, and is not an equity security holder or an "insider" of the Debtor, as that term is defined in section 101(31) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

    b. is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

    c. does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

Accordingly, I believe BL is "disinterested", as that term is defined in section 101(14) of the Bankruptcy Code.

8.  BL maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records

---

[1] All Capitalized Terms not otherwise defined herein shall have the same meanings ascribed to them in the Trustee's Application.

2

to determine BL's connections with the Trustee, the Debtor, her creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. Attached hereto as <u>Exhibit 1</u> is the Conflicts Search List utilized in conducting a comprehensive conflict search to determine whether BL had relationships to any of the parties set forth therein.

9. Subject to court approval in accordance with section 330(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq</u>., compensation will be payable to BL by the estate in accordance with sections 330 and 331 of the Bankruptcy Code with respect to the prosecution of the MLA Claims.

10. BL is being retained by the Trustee on a contingency fee basis equal to the following:

- 20% of the total recovery on the MLA Claims collected by the Trustee before the filing of a complaint pursuing the MLA Claims; and

- 30% of the total recovery on the MLA Claims collected by the Trustee after the filing of a complaint pursuing the MLA Claims.

11. Such percentages are computed based on the net sum recovered after deducting from the amount recovered expenses and disbursements. No fee is payable if no recovery is obtained.

12. Additionally, BL is also entitled to recover all reimbursement costs incurred in connection with its representation of the Trustee from the proceeds obtained in connection with said representation. BL's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court. BL

3

believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

13. This Declaration is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). BL intends to apply to this Court for compensation for professional services rendered in connection with this case. BL has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. BL does not have an agreement with any other entity to share with such entity any compensation BL receives.

14. As stated, insofar as I have been able to ascertain, BL does not represent any interest adverse to the Trustee, the Debtor, her creditors, or any other party in interest herein, or their respective attorneys, professionals, or accountants in the matter for which BL is to be engaged.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2023.

                                                                                                    Rebecca Brazzano

4

# Exhibit 1

***Sharon Mahn, Debtor; Case No. 22-11466 (MG)***
<u>**Conflicts Search List**</u>

| | |
|---|---|
| **Trustee:**<br>Gregory Messer | **Counsel:**<br>Klestadt Winters Jureller Southard & Stevens, LLP |
| **Debtor:**<br>Sharon Mahn | **Counsel:**<br>Starr & Starr, PLLC |

**Affiliated Entities:**
Mahn Consulting LLC

| | |
|---|---|
| **Creditors:**<br>Major, Lindsey & Africa, LLC | **Counsel (if known):**<br>Shook, Hardy & Bacon L.L.P.<br>Littler Mendelson, P.C. |

Internal Revenue Service
New York State (Dept. of Tax & Fin.)
NYC (Dept. of Fin.)
U.S. Small Business Administration
Philadelphia Professional Collections, LLC

**Other Adverse Parties:**
Allegis Group, Inc.
Lawrence N. Mullman
Stephen J. Bisciotti
Jonathan Austin Lindsey
James Robert Davis
Laurie Ann Caplane

**Other Parties (Potentially Adverse):**
Pershing LLC
The Estate of Virginia Hill
Bader Field Development Project

**Judge and Chambers:**
Honorable Martin Glenn
Deanna Anderson (Courtroom Deputy)
Arielle Ambra-Juarez (Law Clerk)
Aileen Ramia (Law Clerk)
Jennifer Pollan (Law Clerk)

| **United States Trustee Individuals:** | **Position:** |
|---|---|
| William K. Harrington | United States Trustee |
| Linda A. Riffkin | Assistant United States Trustee |
| Benjamin J. Higgins | Honors Trial Attorney |

| United States Trustee Individuals: | Position: |
|---|---|
| Susan Arbeit | Trial Attorney |
| Mark Bruh | Trial Attorney |
| Shara Cornell | Trial Attorney |
| Brian S. Masumoto | Trial Attorney |
| Richard K. Morrissey | Trial Attorney |
| Andrea B. Schwartz | Trial Attorney |
| Paul K. Schwartzberg | Trial Attorney |
| Shannon Scott | Trial Attorney |
| Tara Tiantian | Trial Attorney |
| Andy Velez-Rivera | Trial Attorney |
| Annie Wells | Trial Attorney |
| Daniel Rudewicz | Trial Attorney |
| Greg M. Zipes | Trial Attorney |
| Mary V. Moroney | Bankruptcy Analyst |
| Joseph Nadkarni | Bankruptcy Analyst |
| Sylvester Sharp | Bankruptcy Analyst |
| Victor Abriano | Auditor |
| Alaba Ogunleye | Auditor |
| Madeleine Vescovacci | Auditor |
| Valentine Vescovacci | Auditor |
| Amanda D. Cassara | Paralegal Specialist |
| Ilusion Rodriguez | Paralegal Specialist |
| Ercilia A. Mendoza | Legal Assistant |

# **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re                                              :
                                                   :        Chapter 7
SHARON MAHN,                                       :
                                                   :        Case No. 22-11466 (MG)
                              Debtor.              :
----------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF BRAZZANO LAW PLLC AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE

Upon the application (the "Application") of Gregory M. Messer, chapter 7 trustee (the "Trustee") of the Estate of Sharon Mahn, the above-captioned debtor (the "Debtor"), and the Declaration of Rebecca Brazzano sworn on September 22, 2023 (the "Brazzano Declaration") seeking entry of an order approving the employment of Brazzano Law PLLC ("BL") as special counsel to the Trustee under sections 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), and it appearing that BL represents no interest adverse to the Debtor's estate, that BL is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its employment is necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

**ORDERED** that the Trustee is authorized to retain BL as his special counsel pursuant to sections 327(a) and 328 of the Bankruptcy Code to represent the Trustee in this case in connection with the MLA Claims[1] on the terms set forth in the Application and the Brazzano Declaration; and it is further

**ORDERED,** that BL is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

---

[1] All Capitalized Terms not otherwise defined herein shall have the same meanings ascribed to them in the Trustee's Application.

**ORDERED,** that to the extent there is an inconsistency among this Order, or the Application, or the Brazzano Declaration, the terms of this Order shall govern; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order; and it is further

**ORDERED**, that all compensation and reimbursement of expenses to be paid to BL shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§ 330 and 331, the Federal and Local Bankruptcy Rules, any orders of this Court, and the Guidelines promulgated by the Office of the United States Trustee; *provided however,* that BL shall not keep or file detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on a hourly basis.

Dated:    New York, New York
          _____, 2023

                                                    _____
                                                    HONORABLE MARTIN GLENN
                                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION:**
Dated:    New York, New York
          _____, 2023

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE  -
REGION 2

By:    _____
       Shannon Scott
       Trial Attorney

2