Elizabeth L. Janczak, Esq.*
SMITH GAMBRELL & RUSSELL LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520
ejanczak@sgrlaw.com
*Admitted pro hac vice

*Counsel for Major, Lindsey & Africa, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SHARON MAHN, | ) | Case No. 22-11466-mg |
| | ) | |
| Debtor. | ) | Hon. Martin Glenn |
| | ) | |
| MAJOR, LINDSEY & AFRICA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHARON MAHN, | ) | Adv. No. 24-_____ |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Major, Lindsey & Africa, LLC ("MLA"), a creditor in the above-captioned chapter 7 case, by and through its undersigned counsel, hereby alleges for its Complaint against Sharon Mahn ("Mahn" or the "Debtor") as follows:

### **NATURE OF THE ACTION**

1. This Complaint arises out of Mahn's breaches of fiduciary duty and misappropriation of MLA's confidential information and trade secrets to MLA's competitors,

which claims were tried and adjudicated before an arbitrator in a highly contentious proceeding before the American Arbitration Association ("AAA"). At that arbitration, both parties asserted claims against one another, introduced seven witnesses and over 200 exhibits, and the arbitrator entered an arbitration award in MLA's favor, which Mahn unsuccessfully appealed to the New York Supreme Court, resulting in a judgment against her and in favor of MLA in the amount of $2,863,760.67 plus interest.

2.     For years, MLA pursued post-judgment collection efforts against Mahn until, on the eve of the deposition of Mahn's father and just prior to MLA obtaining turnover of Mahn's retirement account, Mahn filed the instant chapter 7 bankruptcy case.

3.     By this Complaint, MLA seeks entry of an order determining that Mahn's debt owed to MLA stemming from Mahn's breach of her fiduciary duties and misappropriation of MLA's trade secrets is non-dischargeable under sections 523(a)(4) and (a)(6) of the Bankruptcy Code because it represents a debt incurred by embezzlement, larceny, and/or defalcation while acting in a fiduciary capacity, and a debt for willful and malicious injury by Mahn to MLA.

4.     Mahn is barred from contesting the arbitrator's findings, award, and the judgment by the doctrines of issue preclusion and/or claim preclusion and, accordingly, MLA is entitled to judgment in its favor on Counts I and II of this Complaint.

## PARTIES

5.     Plaintiff Major, Lindsey & Africa, LLC is a Delaware limited liability company with its principal place of business in Hanover, Maryland.

6.     Defendant Sharon Mahn is a resident of New York, New York and is the debtor in the above-captioned chapter 7 bankruptcy case.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this adversary proceeding which arises under title 11 of the United States Code (the "Bankruptcy Code"), and arises in and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"), case number 22-11466-mg, pursuant to 28 U.S.C. §§ 157 and 1334.

8. This is a core proceeding under 28 U.S.C. § 157(b)(2). MLA consents to entry of final orders and judgment by this Court.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

10. The statutory predicate for the relief requested herein is section 523 of the Bankruptcy Code.

## BACKGROUND

**I. Mahn's Breaches of Fiduciary Duty and Misappropriation of MLA's Trade Secrets.**

11. Mahn is an attorney who has been licensed to practice law in the State of New York since 1996.

12. Mahn was employed by MLA as a legal recruiter, holding the title of managing director in MLA's Partner Practices Group from 2005 until her termination in 2009.

13. In connection with her employment, on October 19, 2005, Mahn signed an employment agreement and an arbitration agreement with MLA which, among other things, required the parties to arbitrate claims or controversies related to Mahn's employment with MLA.

14. During her employment, Mahn had access to MLA's computerized database containing confidential, non-public information relating to MLA's active candidates for placement.

3

15. The terms and conditions of Mahn's employment agreement (the "<u>Employment Agreement</u>") contained express language that identified the information in this database as "confidential" and/or a "trade secret," and provided, in relevant part:

> . . . your position with MLA places you in a position of trust and confidence and affords you access to trade secrets and other confidential and proprietary information of MLA and its candidates and clients, the intent of this section is to preserve and protect MLA's confidential information, trade secrets, and intellectual property, and that of its candidates and clients.

(Employment Agreement at pp. 1-2, attached hereto as <u>Exhibit 1</u>).

16. MLA terminated Mahn's employment in 2009 for disclosing MLA's proprietary information to a competitor firm in violation of her Employment Agreement.

17. In 2010, MLA and Mahn commenced an AAA arbitration in which MLA asserted claims against Mahn for breach of her Employment Agreement including, without limitation, violation of Mahn's duty of loyalty and breach of fiduciary duty, misappropriation of confidential information and trade secrets, unfair competition, post-determination breach of Employment Agreement, and for costs and attorneys' fees.

18. The arbitrator held a four-day hearing from May 29 through June 1, 2012, with testimony from seven witnesses including Mahn.

19. On May 7, 2013, the arbitrator issued a partial final award in favor of MLA and against Mahn, determining that Mahn had breached her employment and arbitration agreement, along with her duty of loyalty and fiduciary duty owed to MLA, by misappropriating MLA's confidential information and trade secrets. A true and correct copy of the May 7, 2013 partial final award is attached hereto as <u>Exhibit 2</u>.

20. Among other things, the arbitrator found that within weeks of joining MLA, Mahn began to disseminate confidential information to seven of MLA's competitors and that Mahn divulged over 250 names to a MLA competitor. *See* Ex. 2 at p. 7.

21. The arbitrator found that Mahn's communications with MLA's competitors included admissions by Mahn that she was violating her Employment Agreement and that Mahn knew her involvement with outside competitors was improper. *Id.* at p. 3.

22. Specifically, the arbitrator found that Mahn divulged information from MLA's computerized database containing the names of active candidates and other, non-public information, such as candidates' personal e-mail addresses, cell phone numbers, interest in named law firms, past interviews and results, estimated books of portable billables/hourly billables, named clients, family member information, and details on specialties. *Id.* at p. 7.

23. Indeed, the arbitrator concluded that "[t]he scope, depth and audacity of [Mahn's] divulging of confidential information and trade secrets are enormous and would shock the conscience of any reasonable person." *Id.* at p. 3.

24. Moreover, the arbitrator found that Mahn was aware her involvement with outside competitors was improper and that Mahn took care to ensure that her actions were not discovered, including changing the password on her account. *Id.*

25. The arbitrator further found that Mahn financially benefitted from divulging MLA's trade secrets and confidential information to MLA's competitors, who then used that information to place MLA's candidates while giving Mahn a portion of the placement fee the competitor earned. *Id.* at p. 6.

26. On October 22, 2013, the arbitrator issued a second final interim award which, among other things, denied Mahn's motion to reconsider and granted MLA's motion to reconsider awarding it reasonable attorneys' fees and costs.

27. On July 9, 2014, the arbitrator issued a final opinion and award which awarded MLA: (1) $1,767,626 in damages with interest accruing at a rate of 9% per annum, and (2) $945,765.39 in attorneys' fees and costs.

28. The damages awarded in the final opinion and award included $1,535,338.00 in required disgorgement of commissions and salary as consequential damages, and $232,288.00 as lost opportunity damages.

29. On May 26, 2015, the New York Supreme Court for New York County entered an order confirming MLA's final arbitration award and granting judgment in favor of MLA in the amount of $2,863,760.67 (the "Judgment"), which order was filed and docketed by the court on June 19, 2015. A true and correct copy of the Judgment is attached hereto as Exhibit 3.

30. The order confirming MLA's final arbitration award was affirmed on appeal by the New York Supreme Court Appellate Division, First Department in March 2018.

## II.    The Chapter 7 Case

31. On November 4, 2022, Mahn filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court.

32. On April 7, 2023, MLA filed a proof of claim against Mahn in the amount of $4,766,788.63 based upon its Judgment.

33. The Court entered several stipulated orders extending MLA's deadline to object to Mahn's discharge and dischargeability of MLA's debt against Mahn, including the order entered April 17, 2024 as docket number 79 which extended MLA's deadline to object to Mahn's discharge or dischargeability of MLA's debt against Mahn to and including October 1, 2024.

# COUNT I

## Mahn's Debt to MLA is Not Dischargeable Under 11 U.S.C. § 523(a)(4)

34. MLA repeats, re-alleges, and incorporates the allegations contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Section 523(a)(4) of the Bankruptcy Code states that "a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

36. Mahn is an individual debtor.

**A. MLA's Debt Arose from Mahn's Embezzlement of MLA's Property.**

37. Mahn incurred a debt to MLA on account of embezzlement, as reflected and represented by the Judgment.

38. Specifically, MLA entrusted Mahn with access to its computerized database of active candidate information, which constituted confidential trade secrets belonging to MLA.

39. Mahn used her access to that database for an unauthorized purpose; specifically, to divulge MLA's confidential trade secrets to MLA's competitors for Mahn's own financial benefit.

40. Mahn acted wrongfully and with the intent to deceive MLA because she knew her actions were improper and took care to ensure that her actions were not discovered by MLA.

41. Mahn knew and intended that her actions would harm MLA since she knew MLA would not earn a fee on placement of the candidates.

42. Accordingly, Mahn's debt to MLA is a debt for embezzlement, which is excepted from discharge under section 523(a)(4) of the Bankruptcy Code.

**B. In the Alternative, MLA's Debt Arose from Mahn's Larceny of MLA's Property.**

43. In the alternative, Mahn incurred a debt to MLA on account of larceny, as reflected and represented by the Judgment.

44. Specifically, by misappropriating MLA's confidential information and trade secrets, Mahn actually or constructively took property away from MLA without its consent and against its will.

45. Mahn acted with the intent to convert MLA's confidential trade secrets to her own use or the use of MLA's competitors, as evidenced by her admissions that she knew her actions were improper and her efforts to ensure her actions were not discovered by MLA.

46. MLA did not consent to Mahn's sharing of its confidential trade secrets with MLA's competitors.

47. Mahn knew and intended that her actions would harm MLA since she knew MLA would not earn a fee on placement of the candidates.

48. Mahn financially benefitted from her misappropriation of MLA's confidential information and trade secrets by receiving a portion of the placement fee the competitor earned for placing MLA's candidates with a law firm.

49. Mahn's actions caused financial harm to MLA, which are reflected and represented in the arbitrator's partial and final award and in the Judgment.

50. Accordingly, in the alternative to embezzlement, Mahn's debt to MLA is a debt for larceny, which is excepted from discharge under section 523(a)(4) of the Bankruptcy Code.

**C. MLA's Debt Arose from Mahn's Defalcation While Acting in a Fiduciary Capacity.**

51. Mahn also incurred a debt to MLA on account of defalcation while acting in a fiduciary capacity.

52. Mahn was hired as a managing director of MLA.

53. Mahn's Employment Agreement expressly acknowledged that her position with MLA placed her in a position of trust and confidence and afforded her access to trade secrets and other confidential and proprietary information of MLA and its candidates and clients.

8

54. Mahn was entrusted with MLA's confidential, non-public information relating to MLA's active candidates and was an agent of MLA with respect thereto.

55. In an e-mail to one of MLA's competitors, Mahn acknowledged that she owed a fiduciary duty as a managing director at MLA.

56. Accordingly, a fiduciary relationship existed between Mahn and MLA, and Mahn owed MLA fiduciary duties of care and loyalty.

57. Mahn misappropriated MLA's confidential information and trade secrets by divulging information on active candidates to MLA's competitors.

58. Mahn accepted a portion of the placement fees received by MLA's competitors for placing MLA's active candidates at law firms.

59. Certain of Mahn's emails to MLA's competitors contained admissions that, by doing so, she was violating her Employment Agreement and duties owed to MLA.

60. Mahn knew her actions were improper and made efforts to ensure that she was not discovered, including changing the password to her account.

61. Mahn's actions demonstrate that she behaved in a manner that was knowingly improper or with conscious disregard to a substantial and unjustifiable risk that her actions would violate her fiduciary duties to MLA.

62. As the direct and proximate result of Mahn's breaches of her fiduciary duties to MLA, MLA suffered financial harm as reflected in and represented by the Judgment.

63. Accordingly, Mahn's debt to MLA is a debt for defalcation while acting in a fiduciary capacity, which is excepted from discharge under section 523(a)(4) of the Bankruptcy Code.

## COUNT II
### Mahn's Debt to MLA is Not Dischargeable Under 11 U.S.C. § 523(a)(6)

64. MLA repeats, re-alleges, and incorporates the allegations contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

65. Section 523(a)(6) of the Bankruptcy Code provides that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]"

66. Mahn owes MLA a debt of $4,766,788.63 as of the Petition Date, as reflected by MLA's filed proof of claim and as based upon the Judgment.

67. The debt owed by Mahn to MLA relates to a willful and malicious injury by Mahn to MLA arising from Mahn's breach of fiduciary duties and misappropriation of MLA's confidential information and trade secrets.

68. Mahn willfully and maliciously injured MLA because she knowingly and intentionally divulged MLA's confidential information and trade secrets to MLA's competitors, as well as profited from her inappropriate behavior, which actions were wrongful and in violation of duties she owed to MLA under her Employment Agreement and applicable law.

69. Mahn knew she was acting in violation of her Employment Agreement and against the interests of MLA in divulging MLA's confidential information and trade secrets to MLA's competitors, and she either intended injury to MLA or was substantially certain that such injury would result from her actions.

70. Mahn's knowing and intentional actions caused financial harm to MLA, as reflected in the arbitrator's partial and final awards and as confirmed in the Judgment.

71. The injuries to MLA by Mahn were malicious because her actions were in conscious disregard of her duties under her Employment Agreement and her duty of loyalty to her employer.

72. Mahn's actions were also without just cause or excuse because she knew she was prohibited from divulging MLA's confidential information and trade secrets and knew her actions were in violation of her Employment Agreement, but nevertheless committed such actions to the detriment of MLA.

73. Accordingly, MLA requests that the Court enter an order finding that the debt owed by Mahn to MLA is not dischargeable pursuant to section 523(a)(6) of the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

(a)  As to Count I, determining that MLA's debt against Mahn is not dischargeable pursuant to section 523(a)(4) of the Bankruptcy Code;

(b)  As to Count II, determining that MLA's debt against Mahn is not dischargeable pursuant to section 523(a)(6) of the Bankruptcy Code; and

(c)  Granting such other and further relief as is just and proper.

Dated: July 5, 2024

SMITH GAMBRELL & RUSSELL LLP

By: /s/ Elizabeth L. Janczak
One of Its Attorneys

Elizabeth L. Janczak, Esq.*
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520
ejanczak@sgrlaw.com
*Admitted pro hac vice

*Counsel for the Plaintiff*